**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4462**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN EARL ELROD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Louise W. Flanagan, District Judge. (4:18-cr-00034-FL-1)

Submitted: March 10, 2020                         Decided: March 12, 2020

Before NIEMEYER and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Earl Elrod pleaded guilty to Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (2018), and discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (2018). The district court sentenced Elrod to 197 months in prison. He filed a timely notice of appeal.

On appeal, Elrod challenges only his firearms conviction, arguing that Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c). He acknowledges, however, that we rejected that position in *United States v. Mathis*, 932 F.3d 242, 265-66 (4th Cir.), *cert. denied*, 140 S. Ct. 639 (2019). The Government argues that the appeal should be dismissed because it falls within the scope of the appeal waiver contained in Elrod's plea agreement.

We will enforce an appeal waiver if it is valid and the issue appealed is within the scope of the waiver. *United States v. Davis*, 689 F.3d 349, 355 (4th Cir. 2012). A waiver is valid if it is knowing and voluntary, based on an evaluation of the totality of the circumstances. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). Elrod does not challenge the validity of his appeal waiver, and we conclude from our review of the record that his waiver was both knowing and voluntary. *See United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). Moreover, Elrod's only argument on appeal falls squarely within the scope of his waiver, foreclosing review.

Accordingly, we dismiss Elrod's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*